This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39101

**ALONDRA RAMOS MARQUEZ,**

Plaintiff-Appellee,

v.

**MARICA CORDOVA,**

Defendant-Appellant.

**APPEAL FROM THE METROPOLITAN COURT OF BERNALILLO COUNTY**
**Frank A. Sedillo, Metropolitan Court Judge**

Alondra Ramos Marquez
Albuquerque, NM

Pro Se Appellee

Marica Cordova
Albuquerque, NM

Pro Se Appellant

### MEMORANDUM OPINION

**VARGAS, Judge.**

**{1}** Defendant, who is self-represented, appeals from an adverse metropolitan court judgment finding in favor of Plaintiff on the complaint for property damage caused by Defendant's dogs. We issued a calendar notice proposing to affirm. Plaintiff has filed a memorandum in support, and Defendant has filed a memorandum in opposition. We affirm.

**{2}** Because this was a bench trial, "the judgment must be supported by findings, which in turn must be supported by substantial evidence." *First W. Sav. & Loan Ass'n v. Home Sav. & Loan Ass'n*, 1972-NMCA-083, ¶ 10, 84 N.M. 72, 499 P.2d 694 (internal quotation marks and citation omitted). "This Court does not reweigh the evidence on

appeal and is bound by the trial court's findings of fact unless they are demonstrated to be clearly erroneous or not supported by substantial evidence." *Doughty v. Morris*, 1994-NMCA-019, ¶ 9, 117 N.M. 284, 871 P.2d 380 (internal quotation marks and citation omitted).

**{3}** Here, Plaintiff's complaint alleged that Defendant's dogs entered her property and caused damage. [RP 1] In addition to her own description of the incident, Plaintiff provided photographs of the resulting damage. [RP 8, 35] Although Defendant continues to claim that she was not responsible for this incident, we defer to the fact-finder's determination that Defendant's dogs caused this damage. *See ConocoPhillips Co. v. Lyons*, 2013-NMSC-009, ¶ 10, 299 P.3d 844 (stating that matters of credibility are to be resolved by the fact-finder). In light of this, we conclude that there was substantial evidence to support the metropolitan court's finding in favor of Plaintiff on her complaint.

**{4}** Defendant has also argued that the metropolitan court should not have relied on Plaintiff's exhibits because they were filed beyond the deadline listed in the scheduling order. However, the scheduling order indicated that the deadline could be extended upon a showing of good cause. [RP 23] Plaintiff requested that the order be amended to give her more time because her exhibits were in her vehicle, which had been stolen. [RP 27] The metropolitan court granted her request [RP 30], and we conclude that the court did not abuse its discretion under these facts. *See Reaves v. Bergsrud*, 1999-NMCA-075, ¶ 13, 127 N.M. 446, 982 P.2d 497 (stating that the amendment of a pretrial order is reviewed for an abuse of discretion).

**{5}** Based on the foregoing, we affirm.

**{6}** **IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**BRIANA H. ZAMORA, Judge**